UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

MARIEVA BRICENO,

        Defendant.

_____/

Case No. 11-20076-2

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

## ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION 18 U.S.C. §3742(E) [357]; DENYING DEFENDANT'S MOTION FOR EARLY RELEASE PURSUANT TO 18 U.S.C. §3624 [360]

Defendant pled guilty to healthcare fraud on March 14, 2012. Sentencing was held on June 12, 2012 and Defendant was sentenced to a term of imprisonment of 60 months followed by a term of supervised release for two years. On January 23, 2015, Defendant filed a Motion for Reconsideration pursuant to 18 U.S.C. §3742(e). [357]. On March 17, 2015 Defendant filed a Motion for Early Release Pursuant to Title 18 U.S.C. §3624. [360]. For the reasons stated below, Defendant's Motion for Reconsideration pursuant to 18 U.S.C. §3742(e) [357] and

1

Defendant's Motion for Early Release pursuant to 18 U.S.C. §3624 [360] are

**DENIED.**

In her Motion for Reconsideration, Defendant requests that the Court reduce her sentence pursuant to 18 U.S.C. §3742(e).[1] In her Motion, Defendant cites *Pepper v. United States*, 562 U.S. 476 (2011), as support for a reduction of her sentence under 18 U.S.C. §3742(f) for her post-conviction rehabilitation. However, per *Pepper v United States*, post-sentencing rehabilitation evidence can be considered by the District Court to support a downward variance from the Federal Sentencing Guidelines "when a defendant's sentence has been set aside on appeal." *Id* at 481. Defendant has not appealed her sentence nor had it set aside on appeal, therefore there is no authority for the Court to adjust her sentence. Indeed, 18 U.S.C. §3742 deals with review of a sentence after an appeal by the Defendant or the Government and the District Court does not enter into this process unless the Court of Appeals remands for resentencing. Given that there has been no appeal of the sentence by either the Defendant or the Government, and the Sixth Circuit has not remanded for resentencing, there is no authority for the Court to reduce

---

[1] While the Defendant cites 18 U.S.C. §3742(e), this section deals with Court of Appeals consideration of sentencing on appeal. Given the request that the Defendant is making, the Court will consider 18 U.S.C. §3742(f) to be guiding this request instead as it deals with resentencing at the District Court level.

Defendant's sentence based on post-conviction rehabilitation. Accordingly,

Defendant's Motion for Reconsideration [357] is denied.

Defendant also filed a Motion for Early Release Pursuant to 18 U.S.C.

§3624. [360]. In her Motion, Defendant cites a Ninth Circuit case, *United States v. Hicks*, 472 F. 3d 1167 (9th Cir. 2007) and the Supreme Court decision in *United States v. Booker*, 543 US 220 (2005), to argue that the Court has the discretion, pursuant to the Federal Prison Bureau Non-Violent Offenders Relief Act of 2013, to consider the factors in 18 U.S.C. §3624 and issue Defendant an early or immediate release.

The Court notes that the Federal Bureau Non-Violent Offenders Relief Act of 2013 has never been passed by the House of Representatives or the Senate, nor has it been signed by the President; accordingly, it is not law and does not give the Court any authority to grant Defendant's request. *See* U.S. CONST., art. I, § 7, cl. 2. Additionally, "the power to grant credit for time served lies solely with the Attorney General and the Bureau of Prisons." *United States v. Crozier*, 259 F.3d 503, 520 (6th Cir. 2001); *see also* 18 U.S.C. § 3585(b); United States v. Wilson, 503 U.S. 329, 333 (1992).

Further, the case law cited by Defendant does not support an order for early or immediate release. First, *United States v. Hicks* was a case which dealt with

3

resentencing pursuant to USSG § 1B1.10(a) & (c). 472 F. 3d 1167 (9th Cir. 2007). Defendant, as stated above, does not propose any statute that would give the Court the authority to resentence the Defendant. Second, the Defendant cited *United States v. Hicks* for the proposition that "a mandatory system is no longer an open choice" as a result of *United States v. Booker*, and thus the Court has the discretion to enter an order for early or immediate release. However, this holding was expressly abrogated by the Supreme Court in *Dillon v. United States* and cannot support Defendant's request. *Dillon v. United States*, 560 U.S. 817, 829 (2010). Therefore, Defendant's Motion for early release pursuant to 18 U.S.C. §3624 is denied.

**IT IS ORDERED** that Defendant's Motion for Reconsideration [357] is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion for Early Release [360] is **DENIED.**

**SO ORDERED**.

s/Arthur J. Tarnow
Arthur J. Tarnow

Dated: June 22, 2016                    Senior United States District Judge

4